UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHELTON BROWN,                  )
                                )
            Plaintiff,          )
                                )
        vs.                     )     No. 4:05-CV-1065 (CEJ)
                                )
WHITE CASTLE SYSTEM, INC.,      )
d/b/a White Castle Restaurant,  )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded and the time allowed for doing so has expired.

Plaintiff Shelton Brown initiated this negligence action against defendant White Castle System, Inc. in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Defendant removed the action to this Court on July 7, 2005, asserting diversity of citizenship jurisdiction. Plaintiff did not challenge the removal. Defendant now seeks dismissal of the case.

**I. Background**

The factual allegations of the complaint, which are taken as true, are as follows: On June 4, 2004, plaintiff went to a restaurant operated by the defendant in St. Louis. As plaintiff exited the restaurant, an unidentified person approached and demanded money. When plaintiff refused, the person punched plaintiff and stabbed him in the abdomen. Plaintiff seeks damages for the physical and mental injuries he suffered as a result of the

assault. He also seeks to recover the medical expenses and lost wages he has incurred and expects to incur in the future

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**III. Discussion**

In the complaint, plaintiff alleges that the "Defendant carelessly and negligently failed to maintain and control a safe premises when they [sic] knew or should have know [sic] that members of the public, would be customers at said restaurant, and that said failure to maintain and control a safe premises created

an unreasonable and dangerous premises." He further alleges that he "was caused to suffer severe personal injury; and that said injuries were directly and proximately caused by the carelessness and negligence of the Defendant."

In its motion to dismiss, defendant argues that plaintiff's allegations of negligence are insufficient, under Missouri law, to hold it liable for a third party's criminal acts. The defendant argues that there is generally no duty to protect business invitees from the criminal acts of third parties.

To establish a claim of negligence, the plaintiff must prove: (1) defendant had a duty to protect the plaintiff, (2) defendant breached that duty, and (3) defendant's breach was the proximate cause of plaintiff's injury. L.A.C. v. Ward Parkway Shopping Center Co., L.P., 75 S.W.3d 247, 257 (Mo. banc 2002) (citing Lopez v. Three Rivers Electric Cooperative, Inc., 26 S.W.3d 151, 155 (Mo. banc 2000)). "A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts of omissions will cause harm or injury." Id. (quoting Madden v. C&K Barbeque Carryout, Inc., 758 S.W.2d 59, 62 (Mo. banc 1988)). Under Missouri law, there is generally no duty to protect business invitees from the criminal acts of unknown third parties because such acts are rarely foreseeable. Id.

Two "special facts and circumstances" exceptions exist to the general rule that business owners have no duty to protect business invitees from criminal acts of third parties. Id. (citations omitted). The first exception assigns to the business owner a duty

-3-

to protect when a person who is known to be violent is on the premises or when a person is conducting himself in such a way to indicate danger and sufficient time exists to prevent injury. Id. The second exception assigns the duty to protect when special circumstances exist. Id. To establish negligence under the second exception, "plaintiff must show evidence that would cause a reasonable person to anticipate danger and take precautionary actions to protect its business invitees against the criminal activities of unknown third parties." Id. at 258 (citing Madden, 758 S.W.2d at 62). "Violent crimes are foreseeable if the premises have been the site of other prior violent crimes, including robbery, assault, burglary, stealing, arson, abduction, murder sexual assault and rape." Id.

The complaint contains no factual allegations that would establish the existence of any exception to the general rule exempting business owners from liability for criminal acts committed by third parties. Moreover, as plaintiff has not responded to the defendant's motion to dismiss, there is no contention that such facts could be alleged if plaintiff were allowed to amend his complaint. Therefore, the Court will grant defendant's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim upon which relief can be granted [#7] is **granted**.

**IT IS FURTHER ORDERED** that a separate order of dismissal shall be entered this same date.

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 30th day of November, 2005.